UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-466-H

TEODORO TOLEDO and
JOSEPH TUCKER                                                                                 PLAINTIFFS

V.

ALPHONSO JACKSON, Secretary,
U.S. Department of Housing & Urban Development                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiffs, Teodoro Toledo and Joseph Tucker, are federal employees in the United States

Department of Housing and Urban Development ("HUD").  In their federal complaint, Plaintiffs

allege that HUD breached its Collective Bargaining Agreement ("CBA") by failing to follow

procedures required under the CBA, depriving Plaintiffs of their rights under the CBA and by

not producing documentation related to a job for which both Plaintiffs had applied.

The issue now raised by Defendant's motion for summary judgment is whether Plaintiffs

may proceed against HUD in federal court or whether the grievance procedures in the CBA

provide their exclusive remedy.

I.

Plaintiffs were represented by the American Federation of Government Employees

('AFGE").  AFGE and HUD entered into a collective bargaining agreement.  In 2002 Plaintiffs

applied for new positions at HUD.  After they were denied the positions, considerable

controversy surrounded the decision.  Consequently, Plaintiffs requested that HUD provide all

records regarding the selection of the position.  When HUD refused, the AFGE filed an unfair labor practice charge which resulted in an order that required HUD to provide the requested records.

After HUD determined that it was unable to provide all the records required, AFGE filed a grievance on behalf of Plaintiffs under CBA.  The grievance asked for disclosure of all records regarding the filling of the position.  The grievance also asked Plaintiffs be awarded the positions or the equivalent to them.

At the first step of the grievance procedure, AFGE settled the grievance with HUD. Plaintiffs and AFGE appear to disagree about whether Plaintiffs consented to the settlement. Plaintiffs informed the union that they were unhappy with the settlement and that they would seek their own remedies.  The settlement agreement prohibited Plaintiffs from seeking further steps in the grievance procedure.  This series of events raises the question of whether the settlement acts as an accord and satisfaction that bars any further claims on the issue.  Because the Court finds that other grounds clearly resolve the case, the issue of accord and satisfaction need not be discussed.

II.

The Court finds two separate grounds that compel dismissal of Plaintiffs' claims.  First, no federal statute authorizes a federal court jurisdiction over employment-related claims covered by a CBA.  Consequently, the government has not waived its sovereign immunity on this category of claim.  Second, the CBA binds Plaintiffs' procedural remedies.  It states that its provisions encompass the exclusive avenue of remedy.

A.

Absent an express waiver of sovereign immunity, the United States cannot be sued. *United States v. Sherwood*, 312 U.S. 584 (1941).  The government has waived its sovereign immunity as to many classes of cases.  However, many cases have confirmed that none of the general waivers apply to the more specific instance of an employee grievance covered by a CBA.

Plaintiffs argue that a 1994 amendment to the Civil Service Reform Act ('CSRA") (5 U.S.C. § 7101, *et seq.*), amounts to such an express waiver in these circumstances.  Prior to the amendment, the Supreme Court and all circuits addressing the issue, including most importantly the Sixth Circuit, had held the CSRA did not constitute a waiver of sovereign immunity as to disputes grievable under a CBA.  *Carter v. Goldberg*, 498 U.S. 811 (1990); *Ryon v. O'Neill*, 894 F.2d 199, 201-205 (6th Cir. 1990).

Plaintiffs ask this Court to adopt the analysis of the Federal Circuit in *Mudge v. United States*, 308 F.3d 1220 (Fed. Cir. 2002).  That circuit held that the addition by Congress of the word "administration" to the CSRA exclusivity provision established a federal employee's right to seek a judicial remedy for employment grievances subject to a CBA.  *Id.* at 1227-32.  For the reasons that follow this Court does not agree with the *Mudge* analysis.

In *Ryon v. O'Neill*, the Sixth Circuit convincingly concluded that the pre-amendment CSRA foreclosed federal court jurisdiction of a government employee grievance.  *Id.*  First, the Court found that affirmative provisions of the CSRA established controlling provisions for review of agency personal actions.  These provisions did not provide for separate direct proceedings in a federal court.  *Id.* at 203-04.  Second, citing *United States v. Fausto*, 484 U.S. 439 (1988), the Circuit concluded that the legislative history evidenced an intent to restrict

3

judicial review of agency personnel actions.  *Id.* at 204.

This Court finds no statutory or legislative evidence from the amendment of 5 U.S.C. § 7121(a)(1) to warrant a change of this analysis.  This Court is not precisely sure what change in meaning may result from the addition of the word "administration" in this section.  However, the Court can conclude that such a limited provision does not act to expressly confer federal court jurisdiction over claims covered by negotiated grievance procedures in CBA's.  Consequently, the Court believes that the Ninth Circuit has set forth a view more consistent with the statutory language, legislative intent and administrative practice.  *See Whitman v. Department of Transportation*, 382 F.3d 938 (9th Cir. 2004).

B.

The complaint undisputably states a claim for breach of the CBA.  Article 22.01 of the CBA states that its provisions "constitute[s] the sole and exclusive procedure for the resolution of grievances by employees of the bargaining unit and between the parties."  The CBA provision is consistent with the general statutory rules governing a federal employee challenge to a government agency personnel decision.  The Civil Service Reform Act ('CSRA') provides only for a federal appeal of a final order of the Merit System Protection Board or the Federal Labor Relations Authority.  *See* 5 U.S.C. § 7123, 7703.  Plaintiffs' complaint does not constitute such an appeal.  Consequently, AFGE has expressly agreed on behalf of its members that the employees of HUD, such as Plaintiffs, are bound to follow the CBA's exclusive remedial procedures as to any covered grievance.

III.

On June 27, 2005, the United States Supreme Court granted certiorari in *Whitman v.*

4

*Department of Transportation* to address the conflict between the decisions of the Federal Circuit, the Eleventh Circuit and the Ninth Circuit.  The Court heard oral argument on December 5, 2005.  *See* www.supremecourtus.gov/oralarguments/argument_calendars.html.

Because the Supreme Court is likely to issue an opinion on this issue within the next few months, judicial economy, the convenience of the parties and the interests of justice are served best by a stay of a further order until the Supreme Court has settled the circuit conflict.

This Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record